■ RICHARD BRECK, Respondent, v A.J. ABRAMS et al., Defendants, and CHRISTOPHER B. MEAGHER, Appellant. [750 NYS2d 765] —In an action, inter alia, to compel specific performance of a real estate contract, Christopher B. Meagher appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), dated November 20, 2000, which, in effect, granted the plaintiff's application, among other things, to direct that Christopher B. Meagher not interfere with the review of the plaintiff's application for approval of a property subdivision, and (2), as limited by his brief, from so much of an order of the same court, dated June 12, 2001, as denied his motion to nullify three stipulations to which he was a party dated May 17, 1999, June 24, 1999, and June 28, 1999, respectively, arising from the sale of certain real property.

Ordered that on the Court's own motion, the notice of appeal from the order dated November 20, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied the appellant's motion to nullify three stipulations to which he was a party dated May 17, 1999, June 24, 1999, and June 28, 1999, respectively, arising from the sale of certain real property. The appellant's claim that the plaintiff had committed an anticipatory breach of the

contract underlying the stipulations is without support in the record (*see Mobley v New York Life Ins. Co.,* 295 US 632, 638; *Roehm v Horst,* 178 US 1, 7).

The appellant's remaining contentions lack merit. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.